# THE IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JACOB GANZEL<br>5221 Patriot Drive<br>Toledo, Ohio 43611 | * | Case No. |
| | * | Judge |
| Plaintiff,<br>v. | * | **COMPLAINT; JURY DEMAND<br>ENDORSED HEREON** |
| | * | |
| ADIENT US LLC<br>7560 Arbor Drive<br>Northwood, Ohio 43619 | * | |
| | * | Francis J. Landry (0006072)<br>Katherine A. Pawlak (0086885)<br>**WASSERMAN, BRYAN, LANDRY<br>& HONOLD LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Attorney for Plaintiff<br>FLandry308@aol.com<br>kpawlak@wblhlaw.com<br>Jacob Ganzel |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful discrimination in employment in violation of the Americans with Disabilities Act and the Amendments thereto which were effective January 1, 2009, 42 USC 12101 et seq. Plaintiff states that on June 15, 2020, he filed a charge of discrimination against

Defendant, based upon associational disability with the U.S. Equal Employment Opportunity Commission. Charge Number 22A-2020-02222C attached hereto as Exhibit A and incorporated by reference as if fully restated herein. On November 6, 2020, the District Director of the EEOC issued to Plaintiff a Notice of Right to Sue advising him of his right to file suit in an appropriate federal court within ninety (90) days of his receipt of said notice, attached as Exhibit B.

**PARTIES**

2.     Plaintiff, Jacob Ganzel, is a citizen of the United States and a resident of the City of Toledo, and the County of Lucas, who has been employed by Defendant since July 16, 2013. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Americans with Disabilities Act as amended in that the Plaintiff was an employee of an entity with more than fifteen (15) employees.

3.     Defendant Adient US LLC. ("Adient") is a limited liability company duly organized under the laws of the State of Michigan. Defendant has a location in the City of Northwood, County of Wood, State of Ohio. Defendant is an employer within the meaning of the Americans with Disabilities Act in that it employed more than fifteen (15) employees at all times material hereto.

**FACTS**

4.     Plaintiff was employed with Defendant from July 16, 2013 until his termination on October 11, 2019.

5.     Plaintiff's last position with Defendant was as an Assembly Technician.

6.     Plaintiff performed his job well, and was a highly rated and skilled employee.

7.     In 2019, Plaintiff's fiancée suffered kidney failure and kidney stones and liver issues which were very serious and disabling conditions.

8.     Plaintiff requested time off work on August 30, 2019, in order to care for his fiancée.

9. Plaintiff requested the time off work from Yvonne Hambright, the Human Resources Director. Ms. Hambright told Plaintiff to go and take time off to care for his fiancée, and stated "family comes first." She verbally approved his time off request.

10. At the time Plaintiff requested time off, he informed Ms. Hambright of his fiancée's condition.

11. Thereafter, on September 3, 2019, Plaintiff was called into a meeting with Ms. Hambright and another Human Resources Representative, and informed that he was being suspended.

12. On October 11, 2019, Plaintiff contacted his union representative and inquired as to when he would be able to return to work from his suspension. At that time, Plaintiff was informed that he no longer worked for Defendant.

## FIRST CLAIM FOR RELIEF
**Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq., Associational Disability Discrimination**

13. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint, supra, by reference in its entirety as if fully stated herein.

14. Plaintiff states that at and prior to his termination, he was associated with a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.

15. Plaintiff states that Defendant terminated his employment because of his association with a person with a disability.

16. Plaintiff's fiancée suffered from kidney failure and kidney stones and liver issues. Her condition requires regular doctor appointments and physical therapy and required hospitalization. Her condition affected her daily bodily functioning of her endocrine system, liver and kidneys.

17. Defendant was aware of Plaintiff's fiancée's disabling conditions, as Plaintiff notified Yvonne Hambright when he requested time off work to assist her.

18. Thereafter, on September 3, 2019, Plaintiff was called into a meeting with Ms. Hambright and another Human Resources Representative, and informed that he was being suspended.

19. On October 11, 2019, Plaintiff contacted his union representative and inquired as to when he would be able to return to work from his suspension. At that time, Plaintiff was informed that he no longer worked for Defendant.

20. Plaintiff was disciplined/suspended, leave of absence was approved and then later overturned, and terminated.

21. The reasons advanced by Defendant were false and pretextual, as Defendant approved his leave of absence verbally.

22. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee. Plaintiff was qualified for his position, performed his job well, and satisfied the normal requirements of his position.

23. Plaintiff states that the termination of Plaintiff permitted the retention of employees who were not associated with those with a disability.

24. Upon information and belief, Plaintiff was replaced after his termination.

25. Plaintiff states that in terminating his employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

26. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to incur court costs and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment against Defendant for restatement to his position or in lieu of reinstatement for back pay, for front pay, compensatory and punitive damages for emotional distress, anxiety, damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages including back pay and front pay, all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

WASSERMAN, BRYAN, LANDRY & HONOLD, LLP

/s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Jacob Ganzel

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/Francis J. Landry
Francis J. Landry